■ In the Matter of 239, 243 AND 247 CORP., Respondent, v. FREDERIC S. BERMAN, as City Rent and Rehabilitation Administrator, Appellant, and CAROLINE SANDY et al., Intervenors-Appellants.— Judgment granting petitioner's motion and directing the City Rent and Rehabilitation Administrator to issue orders of eviction and subdivision unanimously reversed, on the law, and the matter is remanded to the City Rent and Rehabilitation Administrator to proceed in accordance with the remittitur of the Court of Appeals, with $50 costs and disbursements to the appellant. In this controversy, the Court of Appeals limited its decision to the question of whether there was a sufficient number of rooms to enable the landlord to avail himself of the relief sought. It held, however, that "The Administrator did not reach the point of exercising her discretion concerning whether this project was good, bad or indifferent or whether the relocation plans for the tenants were adequate". (*Matter of 239, 243 and 247 Corp.* v. *Gabel* (19 N Y 2d 558, 561.) The Court of Appeals ordered "the judgment of Special Term reinstated". That judgment decreed "That the proceeding herein, instituted by said Petitioner * * * is remanded to FREDERICK S. BERMAN, as City Rent and Rehabilitation Administrator, * * * for further consideration not inconsistent with the opinion of the court." The order here appealed from would prohibit the Rent Administrator from taking the very action the Court of Appeals ordered the Administrator to take. Consequently, it must be reversed. Concur—Botein, P. J., Stevens, Capozzoli, McGivern and Rabin, JJ.

■ HELEN CRASS, Individually and on Behalf of BUDD PUBLICATIONS, INC., Appellant, v. JOHN F. BUDD et al., Respondents.— Order, entered October 4, 1967, denying plaintiff's motion for summary judgment, unanimously affirmed, without costs or disbursements. Order, entered October 4, 1967, granting defendants' cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with $50 costs and disbursements to the appellant and the motion denied. The record does not establish the underlying facts determinative of whether the shares involved are original authorized or treasury stock and the value of the alleged services compensated thereby. Concur — Steuer, J. P., Capozzoli, Tilzer, McGivern and McNally, JJ.